UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CR 220-2 |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | |
| CAMERON BATTISTE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

CAMERON BATTISTE'S MOTION FOR JUDGMENT OF ACQUITTAL
OR A NEW TRIAL PURSUANT TO RULES 29 AND 33

Now Comes the Defendant, CAMERON BATTISTE, by and through his attorneys, JOSHUA B. ADAMS, and ALANA M. DELEON, and respectfully requests that this honorable court enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or in the alternative, grant Mr. Battiste a new trial pursuant to Rule 33. In support of his motion, Mr. Battiste states the following.

**I.      Procedural History**

On February 13, 2019 a jury convicted Mr. Battiste on one count of possession of a firearm after having sustained a felony conviction pursuant to 18 U.S.C. §922(g)(1). At trial, the government proceeded on both a theory of actual possession and constructive possession. Specifically, the government introduced evidence that it recovered Mr. Battiste's DNA on both firearms. Both the government and Mr. Battiste presented expert witnesses. Mr. Battiste's expert, Dr. Friedman stated that DNA could be transferred to an item without a person ever touching that object.

The government further played a video of Mr. Battiste making a gesture to Ms. Stanciel, who

was off camera, to come to his car. Ms. Stanciel carried two firearms wrapped in a laundry bag to the waiting car. Once Ms. Stanciel approached the car, agents arrived, and arrested Ms. Stanciel based on a separate warrant. Mr. Battiste fled once he saw the agents and was apprehended moments later.

At the hearing on Mr. Battiste's motion for acquittal pursuant to Rule 29, the court expressed concern that the evidence may not show Mr. Battiste exercising dominion and control over the firearms. Rather, the court surmised, it is possible that Mr. Battiste only motioned Ms. Stanciel over to him and did not demonstrate intent to control the two guns. The court reserved ruling on the Rule 29 motion.

II. The Government did not prove Mr. Battiste exercised dominion and control over the firearm

    1. Judgment of Acquittal pursuant to Rule 29

A trial judge, "upon a defendant's motion or on the judge's own initiative, 'must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction, either after the government has closed its evidence or after a jury has rendered a verdict or been discharged." *United States v. Garcia*, --F.3d— (7th Cir. Mar. 20, 2019)(quoting *United States v. Seidling,* 737 F.3d 1155, 1159-60 (7th Cir. 2013). The Seventh Circuit recently stated, "a judge facing a Rule 29 motion in a criminal case might benefit from first asking whether, if the evidence had been presented in a civil case, it would be sufficient to send the case to the jury." *Garcia*, -- F.3d -- (7th Cir. Mar. 20, 2019, Slip. Op. at 15).

    2. The government presented insufficient evidence to sustain a conviction

        A. There was insufficient evidence to prove actual possession

In viewing the evidence in the light most favorable to the government, no jury could have found that Mr. Battiste actually possessed the firearms held by Ms. Stanciel. First, and perhaps

most obvious, Ms. Stanciel is the individual who is in *actual* possession of the firearms when she is arrested. Second, the government did not present evidence that tied Mr. Battiste to Ms. Stanciel's apartment, nor did they ever attempt to investigate who resided in the apartment. The apartment lease is in Ms. Stanciel's niece's name, and the only people authorized on the lease are Ms. Stanciel and her niece. At trial, the niece testified that she never saw Mr. Battiste at the apartment. Moreover, the investigating agents testified they never entered Ms. Stanciel's apartment, never applied for a warrant to search the unit, and never asked Ms. Stanciel for consent to search her home. The government did present evidence that men's clothing had been found together with the firearms. However, that fact alone is insufficient to prove that Mr. Battiste maintained a residence at the apartment with Ms. Stanciel.

      The DNA is the strongest evidence that weighs in favor of actual possession. However, as Dr. Friedman testified, and as accepted by the government's expert, DNA can be transferred from one object to another, especially if the DNA is wet. Mr. Battiste does not have to prove that is in fact what occurred, just that it is a possibility. This possibility creates reasonable doubt.

B. The government did not prove constructive possession beyond a reasonable doubt.

Second, the government did not prove Mr. Battiste exercised dominion and control over the firearms. When Mr. Battiste waves Ms. Stanciel to his car on the video, there is no indication that he is commanding Ms. Stanciel to bring the firearms to the car. The government did not introduce evidence of communications between Mr. Battiste and Ms. Stanciel to show he either knew the guns were in the bag or intended to direct Ms. Stanciel to carry the firearms to his car.

The government attributes criminal and nefarious intent to Mr. Battiste's head movement while he is in the parking lot. The government's interpretation or explanation of his benign actions is that Mr. Battiste is conducting "counter-surveillance" to ensure law enforcement is not

watching him. However, there is nothing to corroborate that opinion and it is therefore based purely on conjecture. There are equally innocent explanations for Mr. Battiste's actions. In fact, if Mr. Battiste had been looking to evade law enforcement, why go out to move the car to the front door of the apartment building in the first place? If he knew, as the government presumed, that he had been trying to load contraband into a car, why take the extra step of going outside, moving the car around and involving a second person? Why not just have Ms. Stanciel take the firearms herself, and not draw attention to his actions.

### III. Conclusion

WHEREFORE, Mr. Battiste respectfully requests that this honorable court grant his motion for a new trial pursuant to Rule 29 and Rule 33.

> Respectfully submitted,
>
> /s/ Joshua B. Adams
> Joshua B. Adams
> Counsel for Cameron Battiste

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd.
Suite 1615
Chicago, IL 60604
(312) 566-9173

## CERTIFICATE OF SERVICE

I Joshua B. Adams, attorney for Cameron Battiste, hereby certify that on Monday, April 15, 2019, I filed the above-described document(s) on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,

s/Joshua B. Adams
Joshua B. Adams
